# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAIRO MARTINEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-cv-6637 |
| | ) |
| COOK COUNTY, ILLINOIS; SALVADOR, | ) Judge Sharon Johnson Coleman |
| GODINEZ (in his official capacity); GARY | ) |
| HICKERSON (in his official capacity); | ) |
| MICHAEL PUISIS, MD (in his official capacity); | ) |
| THOMAS PROZOROVSKY, DDS; JACK T. | ) |
| LIU, DDS; BRENDA J. TAYLOR, DMD; | ) |
| BARBARA A. DAVIS, PA; and ROXANE | ) |
| WOLFE, RN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jairo Martinez ("Martinez") filed his four-count amended complaint against Cook County, Cook County Sheriff Thomas Dart, Salvador Godinez, Gary Hickerson, Michael Puisis, MD, Thomas Prozorovsky, DDS, Jack T. Liu, DDS, Brenda J. Taylor, DMD, Barbara A. Davis, PA, and Roxanne Wolfe, RN (together "defendants"). The amended complaint seeks injunctive relief and damages pursuant to 42 U.S.C. § 1983 and asserts state claims for indemnification and negligence. Defendants move to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court denies the motion to dismiss.

**Background**

The following facts are taken from the amended complaint and accepted as true for the purposes of ruling on the instant motion. On September 22, 2009, Martinez was incarcerated in

the custody of the Cook County Department of Corrections ("Department of Corrections") at the Cook County Jail. Cook County operates the Department of Corrections as well as the Cook County Health Department, which operates Cermak Health Services ("Cermak"). Cermak is responsible for providing medical and dental care to Cook County Jail inmates and detainees. Defendants Puisis, Prozorovsky, Liu, Taylor, Davis and Wolfe are Cermak employees. The remaining defendants, Godinez and Hickerson, are Department of Corrections employees.

Cermak completed a medical intake form for Martinez on October 21, 2009, noting that he did not suffer from toothaches or bleeding gums, and stating that he had a normal oral cavity. By July 19, 2011, Martinez developed an impacted wisdom tooth and cavities in his two front incisors. He was subsequently seen by several Cermak employees and was prescribed various treatments for his pain including teeth cleaning, medicated mouthwash, antibiotics and painkillers, and permanent fillings for the two front incisors. Following the insertion of the fillings on October 25, 2011, Martinez developed severe pain in his right front incisor and was unable to drink cold water or chew food. The pain persisted, even after defendant Prozorovsky performed a repeat filling procedure on December 29, 2011. By February 21, 2012, Martinez's gums had swelled and he noticed a pus-filled wound, an abscess, on his gums. He then made several requests to be seen by a dentist and to have his teeth cleaned. Martinez was next seen and examined by a dentist five months later on July 16, 2012. At that time, Martinez was told that he had sustained permanent nerve damage and that while a root canal would be effective in preserving his tooth structure, the tooth would have to be extracted because Cermak could not perform the root canal onsite, and Cook County would not provide for a root canal at another facility. Martinez expressed his desire that his tooth be preserved.

While awaiting this diagnosis, Martinez filed grievances regarding his dental care on

June 25, 2012, and July 6, 2012. After filing the second grievance, Cook County representatives visited him in his cell and told him that the issue would be handled. He never received a written response to his grievances. On August 3, 2012, Martinez was transferred to an Illinois Department of Corrections facility in Danville, Illinois, where he is presently in custody. He remains in pain due to the nerve damage and abscess and continues to take antibiotics and pain medication.

Martinez filed a *pro se* complaint while incarcerated on September 13, 2013. His initial complaint named only two defendants, Cook County Sheriff Thomas Dart and dentist John Doe. On April 24, 2014, the Court appointed counsel to represent Martinez and at a status on August 1, 2014, allowed him until September 12, 2014, to file the amended complaint now before the Court. Defendants then filed the instant motion to dismiss which has been fully briefed.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint rather than the merits of the claim. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a defendant's Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.*

3

**Discussion**

Defendants move to dismiss the amended complaint on the grounds that each claim is barred by the two-year statute of limitations governing § 1983 actions filed in Illinois. The amended complaint was filed on September 12, 2014. Defendants argue that at the latest, the statute of limitations expired one month prior, on August 3, 2014, two years after his transfer from the Cook County Jail and the last date on which his claim could have accrued. They further argue that Martinez's identification of Prozorovsky as the John Doe named in the original complaint as well as the amended complaint's additional allegations and named parties are not permitted under Rule 15(c)'s relation back principle. Martinez concedes that the two-year statute of limitations applies to his claims, but does not argue for any particular date of accrual. He instead contends that the claim accrual date was extended or tolled to some "reasonable time after July 6, 2012," to account for defendants failure to respond to his administrative grievances. Alternatively, Martinez argues that his amended complaint is timely because the circumstances of this case require that the statute of limitations be equitably tolled.

The Court need not consider the parties' arguments regarding tolling based on the administrative grievance procedure and relation under Rule 15(c) because the Court finds that the doctrine of equitable tolling applies. Equitable tolling is applicable where the plaintiff knows he has been injured but is unable to obtain evidence necessary to determine who may be liable for his injury. *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 789 (7th Cir. 1995). The plaintiff is permitted to sue after the statute of limitations has expired "if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Zarate v. City of Chicago*, No. 09-C-7613, 2011 WL 1979192, at *1 (N.D. Ill. May 20, 2011) (quoting *Singletary v. Continental Ill. Nat'l Bank & Tr. Co.*, 9

F.3d 1236, 1241 (7th Cir. 1993)).

      The parties do not dispute and the Court finds that the original complaint was timely filed. In his *pro se* complaint, Martinez indicated that he had only been able to uncover some of the necessary information to support his claims, in part due to his "English/Spanish language barrier." He also stated his intention to replace John Doe with the defendant's true identity, through discovery. (Dkt. 1 at 12.) Martinez diligently undertook actions to file an amended complaint as soon as practicable. (*See* Dkt. 8-32.) In particular, shortly after the sole named defendant waived service, on April 15, 2014, the Court ordered Martinez to amend the complaint "to identify the dentist" noting that Sherriff Thomas Dart remained a party in the case "solely for the purpose of identifying unknown Defendants to the extent there is sufficient knowledge to do so."[1] (Dkt. 21.) The Court also indicated that it would appoint counsel. The Court did not set a deadline for amendment and Martinez did not immediately file one as he was awaiting documents that the Court ordered produced and exploring with defendants the possibility of settlement. The parties reported on May 30, 2014, that they had engaged in settlement discussions and that a resolution within thirty days was likely. (Dkt. 41-1 at 3.) However, on August 1, 2014, two days before defendants claim the limitations period would have run, Martinez reported that the parties had reached an impasse in settlement negotiations and that he would be moving forward with his complaint. (Dkt. 41-2.)

      The Court allowed Martinez additional time, until September 12, 2014, to file an amended complaint recognizing that he and his appointed counsel had spent significant time attempting to resolve the matter. Martinez filed his amended complaint on the deadline date set by the Court. Accordingly, it was the Court that permitted the one-month delay that is the basis

---

[1] On December 2, 2013, the Court ruled that Martinez failed to state a claim against Sherriff Dart, but that he would remain as a defendant so that Martinez can identify the John Doe Defendant. (Dkt. 4.)

of defendants' motion. Martinez followed this Court's orders, and for his compliance and in the interests of justice the Court will not now issue the harsh sanction of dismissal with prejudice sought by defendants. Further, defendants have failed to identify any prejudice that they would suffer due to the one-month delay. The circumstances of this case warrant equitable tolling and the Court finds that the amended complaint is timely. Defendants' motion to dismiss is denied.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [36] is denied. Because Martinez has identified "the dentist" and "unknown Defendants" per this Court's previous orders, the Court hereby dismisses Sherriff Thomas Dart. Defendants shall file their answer within twenty-one days of this order.


SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED:  June 26, 2015